Filed 6/17/22  P. v. Sanchez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D080189 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF051951) |
| JOEL ELIAS SANCHEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Joel Elias Sanchez, in pro. per.; and David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal from the denial of a second petition for resentencing under Penal Code section 1170.95.

## PROCEDURAL BACKGROUND

In July 2010, a jury convicted Joel Elias Sanchez of second degree murder (Pen. Code,[1] § 187, subd. (a)) and found Sanchez personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). Sanchez was sentenced to an indeterminate term of 40 years to life in prison.

Sanchez appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Sanchez* (June 4, 2012, D060315).)

In 2019, Sanchez filed his first petition for resentencing under section 1170.95. After appointment of counsel and a hearing, the court found the record demonstrated Sanchez was the actual killer and that the jury was not instructed on natural and probable consequences or felony murder. Sanchez appealed and this court affirmed the order denying his petition. (*People v. Sanchez* (July 1, 2020, D077326) [nonpub. opn.].)

In February 2022, Sanchez filed another petition for resentencing under section 1170.95. After the appointment of counsel and a hearing, the court again denied the petition. The court found the petition repetitive and reiterated the finding Sanchez was the actual killer and therefore not eligible for resentencing.

Sanchez again appealed.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Sanchez the opportunity to file his own brief on appeal. Sanchez has filed a supplemental brief which we will discuss below.

---

[1]     All further statutory references are to the Penal Code.

## STATEMENT OF FACTS

The facts of the underlying offenses are set forth in our original opinion filed in 2012. (*People v. Sanchez, supra,* D060315.) We will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Was Sanchez entitled to be personally present at the hearing to determine whether he had made a prima facie case for relief?

2. Did the court err in denying the petition for being barred as a successive petition?

3. Did the court err in denying Sanchez's petition?

In his supplemental brief, Sanchez includes discussion of communications with counsel about his desire to attend the hearing by video. He complains that his counsel did not raise issues that he thinks are important. Much of his brief is based on matters outside the record on this appeal. Sanchez argues the trial court should have issued an order to show cause since, as he contends, he made prima facie showing for resentencing.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Sanchez on this appeal.

DISPOSITION

The order denying Sanchez's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.

4